**TEXAS EASTERN CORPORATION and Affiliates, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 90–5029.

United States Court of Appeals, Federal Circuit.

July 3, 1990.

Donald F. Wood, Vinson & Elkins, Houston, Tex., argued for plaintiffs-appellants. With him on the brief were David T. Harvin, Samuel B. Sterrett and R. Todd Greenwalt.

Teresa T. Milton, Tax Div., Dept. of Justice, of Washington, D.C., argued for defendant-appellee. With her on the brief were Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and Richard Farber.

Before ARCHER and MAYER, Circuit Judges, and WEIGEL, Senior District Judge.*

ARCHER, Circuit Judge.

Texas Eastern Corporation and Affiliates (Texas Eastern) appeals from the summary judgment granted by the United States Claims Court, 18 Cl.Ct. 387 (1989), holding that Texas Eastern was not entitled to additional statutory interest under § 6611 of the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 6611, (I.R.C.)[1] on alleged deficiency interest. We affirm.

I

The facts of this case are detailed in the opinion of the Claims Court and need only be summarized here. In the Claims Court, Texas Eastern sought to recover additional statutory interest under I.R.C. § 6611 with respect to tax refunds previously received for tax years 1970 through 1974.

In 1979, the Internal Revenue Service (IRS) completed two audits of Texas Eastern's tax returns for tax years 1970 through 1974[2] and concluded that Texas Eastern had underpaid its taxes in 1970, 1973 and 1974, and had overpaid its taxes in 1971 and 1972.[3] Pursuant to I.R.C. §§ 6402(a), 6601(g) and 6611(b)(1), the IRS offset the over-assessments in 1971 and 1972 against the proposed deficiencies for 1970, 1973 and 1974 and subsequently refunded to Texas Eastern an amount consisting of $2,363,344.71 in overassessments for 1972 and $3,062,345.76 in statutory interest.[4]

In 1983, as a result of Texas Eastern's continued pursuit of additional depreciation-related deductions for the tax years in question, the parties agreed that the deficiencies and overassessments computed by the IRS in 1979 did not truly reflect Texas Eastern's tax liability for the tax years in question.[5] In particular, the tax payments

---

\* Honorable Stanley A. Weigel, Senior Judge, United States District Court for the Northern District of California, sitting by designation.

1. Since the tax years in issue antedate the current tax law, all references herein are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.

2. The first audit involved tax years 1970 through 1972 while the second audit involved tax years 1973 and 1974.

3. Texas Eastern's underpayments and overpayments were computed as follows:

| | Deficiency | Overassessment |
|---|---|---|
| 1970 | $ 943,214.65 | |
| 1971 | | $ 9,916,143.21 |
| 1972 | | 10,208,623.06 |
| 1973 | 6,264,347.14 | |
| 1974 | 10,553,859.77 | |

4. The IRS offset the proposed deficiencies for 1970 ($943,214.65) and 1973 ($6,264,347.14), plus a portion of the proposed deficiency for 1974 ($2,708,581.42), against the overassessment in 1971 ($9,916,143.21). The remaining portion of the proposed deficiency for 1974 ($7,845,278.35) was offset against an equal portion of the overassessment in 1972 ($10,208,623.06).

5. Texas Eastern's underpayments and overpayments were recomputed in 1983 as follows:

| | Deficiency | Overassessment |
|---|---|---|
| 1970 | | $ 589,773.11 |
| 1971 | | 12,020,372.23 |
| 1972 | | 11,473,928.12 |
| 1973 | | 7,482,468.75 |
| 1974 | $ 5,557,478.84 | |

made for 1970 and 1973 were redetermined to be overassessments rather than deficiencies, the overassessment amounts for 1971 and 1972 were increased, and the deficiency amount for 1974 was decreased. As a result, on September 22, 1983, the IRS refunded to Texas Eastern $23,645,718.66 in overassessed taxes together with $24,156,-641.43 in interest thereon.[6] Thus, the combined 1979 and 1983 refunds to Texas Eastern amounted to $26,009,063.37 in overassessed taxes and $27,218,987.19 in statutory interest.

Texas Eastern does not dispute that the combined 1979 and 1983 refunds resulted in payment to them of all taxes overpaid during the tax years in question as well as all statutory interest accruing on those overpaid taxes. Rather, Texas Eastern now contends that it is entitled to additional statutory interest on the interest it allegedly should be treated as having paid on the deficiencies asserted by the IRS in 1979.

## II

The issue in this appeal is whether Texas Eastern paid, or should be treated as having paid, deficiency interest in 1979. Section 6601(g) of the Internal Revenue Code [7] provides for the calculation of interest on deficiencies when overpayments are offset against deficiencies:

(g) *Satisfaction by credits.*—If any portion of a tax is satisfied by credit of an overpayment, *then no interest shall be imposed* under this section on the portion of the tax so satisfied for any period during which, if the credit had not been made, interest would have been allowable with respect to such overpayment.

6. The overassessed taxes and interest for each year in question are as follows:

| | Overassessed Taxes | Interest Allowed |
|---|---|---|
| 1970 | $ 1,532,987.76 | $ 1,819,806.96 |
| 1971 | 2,104,229.02 | 2,408,928.74 |
| 1972 | 1,265,305.06 | 1,366,807.92 |
| 1973 | 13,746,815.89 | 13,878,753.03 |
| 1974 | 4,996,380.93 | 4,691,344.78 |

7. Section 6601(g) was redesignated as Section 6601(f) by Section 7(b)(1), Act of January 3,

I.R.C. § 6601(g) (1954) (emphasis added). The Claims Court held:

[P]ursuant to Section 6601(g), the 1971 overpayment precluded the imposition of any further deficiency interest [8] for tax year 1970, and the 1971 and 1972 overpayments precluded the imposition of deficiency interest on the 1973 and 1974 deficiencies. Since deficiency interest was not imposed, the 1979 offset could not have involved the actual payment of the disputed deficiency interest, and Example (2) in Section 301.6611-1 of the Treasury Regulations, which allows statutory interest on erroneously paid deficiency interest, does not apply.

18 Cl.Ct. at 392. Thus, as the Claims Court aptly stated, "[w]hile [Texas Eastern's] argument that they paid such deficiency interest has some equitable appeal, it cannot withstand close legal analysis" in light of Section 6601(g). *Id.* at 391.

Although Texas Eastern states in its brief that "the amount of the 1979 refund and the rules that were used to compute that refund are not in dispute," it argues that the Claims Court erred by applying Section 6601(g) to the unwinding in 1983 of the offset applied to the erroneous deficiencies. Specifically, Texas Eastern contends that Section 6601(g) should operate only when actual, mutual indebtedness exists. It points out that Section 6601(g) applies only to "a tax . . . satisfied by credit of an overpayment" and contends that an admittedly erroneous deficiency can not be a "tax."

With regard to these arguments we conclude that no interest had been, or could be, imposed on the deficiencies asserted in 1979 because of the express prohibition

1975, Pub.L. No. 93-625, 88 Stat. 2108, effective on July 1, 1975.

8. The Claims Court determined, as agreed by the parties, that, as a result of Texas Eastern's payment of deficiency interest on the 1970 deficiency in the amount of $63,981.26, Texas Eastern was entitled to recover $49,102.24 of statutory interest thereon, plus interest on that amount from September 23, 1983.

contained in Section 6601(g). Thus, the Claims Court properly determined that:

> [a]t the time of the 1979 offset, the IRS believed that mutual liability existed as to the relevant time periods and the offset therefore was conducted pursuant to Section 6601(g), with no deficiency interest being imposed on the perceived deficiencies. It is not apparent how, by demonstrating that the factual basis for the 1979 offset was erroneous, plaintiffs can create a 1979 payment of deficiency interest when the provisions employed by the IRS in conducting the offset precluded the imposition of any deficiency interest.
>
> . . . .
>
> [T]he proper characterization of that 1979 error is not that [Texas Eastern] made any additional overpayments, but rather that the IRS delayed or withheld the refund of overpayments and related statutory interest that were properly due. The delaying or withholding of statutory interest by the IRS is a distinct act from the actual paying of deficiency interest by a taxpayer.

18 Cl.Ct. at 392. We also find Texas Eastern's reliance on the legislative history of Section 6601(g), as well as on *Fruehauf Corp. v. United States*, 477 F.2d 568 (Ct.Cl. 1973), a case inapposite to the current situation, to be unpersuasive.

The Claims Court's holding that Texas Eastern was not entitled to an additional refund comprised of statutory interest on the alleged, but unimposed, deficiency interest is affirmed.

AFFIRMED.